UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-CV-00769-RSE

**MARK FERRIS**                                                                                          **PLAINTIFF**

**VS.**

**COMMISSIONER OF SOCIAL SECURITY**                                        **DEFENDANT**
*Andrew Saul*[1]

## MEMORANDUM OPINION AND ORDER

Plaintiff, Mark Ferris ("Ferris"), seeks judicial review under 42 U.S.C. § 405(g) of a final adverse decision by Defendant, Commissioner of Social Security ("Commissioner"), to reduce the amount of his retirement insurance benefit in accordance with Section 215 of the Social Security Act, otherwise known as the "Windfall Elimination Provision." *See generally* (DN 1); *see also* (DN 20). Both Ferris (DN 20-2) and the Commissioner (DN 23) filed a Fact and Law Summary. Fully briefed, this matter is ripe for adjudication.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties voluntarily consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed. (DN 18). For the reasons set forth herein, the final decision of the Commissioner is **AFFIRMED**, and Ferris' Motion for Summary Judgment (DN 20) is **DENIED**.

---

[1] Andrew Saul is now the Commissioner of Social Security and is substituted as the defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

## I. BACKGROUND

### a. Statement of Facts

Ferris was employed as a dual status technician with the Kentucky Air National Guard from March 2, 1975 until April 12, 2007. Tr. 76. As a dual status technician, Ferris was required to retain membership in the National Guard. *Id*. If Ferris separated from the National Guard, he would have lost his position as a dual status technician. *Id*. Ferris served as a member in the National Guard from 1978 to 2007. Tr. 28.

Congress created the position of dual status technician under the National Guard Technician Act of 1968. Pub. L. No. 90-486, § 2(1), 82 Stat. 755, 755-56 (codified at 32 U.S.C. § 709). By statute, a National Guard dual status technician "is a Federal civilian employee" who "is assigned to a civilian position as a technician" while maintaining membership in the National Guard. 10 U.S.C. § 10216(a)(1); *see also* 32 U.S.C. § 709(e) (providing that National Guard dual status technicians are employees of both the United States and either the Department of the Army or the Department of the Air Force). These technicians are responsible for "the organizing, administering, instructing, or training of the National Guard" or "the maintenance and repair of supplies issued to the National Guard or the armed forces." 32 U.S.C. § 709(a)(1)–(2); *accord* 10 U.S.C. § 10216(a)(1)(C). The job also requires that dual status technicians satisfy various military-service requirements, including participating in inactive-duty training, wearing a uniform, complying with military standards of conduct, meeting physical requirements, and they must be available for active deployment. *See Perpich v. Department of Defense*, 496 U.S. 334, 348 (1990) (explaining that all National Guard members effectively "must keep three hats in their closets—a civilian hat, a state militia hat, and an army hat—only one of which is worn at any particular time.").

Dual status technicians hired before 1984 do not pay Social Security taxes on wages they earn as a dual status technician. *See Petersen v. Astrue*, 633 F.3d 633, 634 (8th Cir. 2011). Additionally, dual status technicians hired before 1984 qualify for a civil service pension under the Civil Service Retirement System ("CSRS"). *Id*. The CSRS pension is based upon civil service wages that were exempt from Social Security taxes. *Id*.

In June 2008, Ferris started receiving a pension from the Office of Personnel Management ("OPM") under the CSRS. Tr. 32; *see also* (DN 20-1 at p. 5). He also receives another pension from the Defense Financing and Accounting Service related to his National Guard membership. (*Id*.).

### b. Procedural History

In August 2014, Ferris applied for and subsequently received retirement insurance benefits under Title II of the Social Security Act. Tr. 15-17. In January 2015, however, after learning from the OPM that Ferris was also receiving a pension under the CSRS, the Commissioner recalculated Ferris' benefit payment applying the "Windfall Elimination Provision" ("WEP"). Tr. 20-21. The Commissioner determined that Ferris was overpaid $1,547.00 prior to its knowledge of his Civil Service annuity, and Ferris' monthly Social Security retirement benefit payment was reduced from $820.00 to $468.90. Tr. 17, 24-25.

Ferris filed a Request for Reconsideration on April 8, 2015. Tr. 29-30. On April 27, 2015, the Commissioner denied Ferris' request and affirmed its initial determination to apply the WEP to his benefit calculation. Tr. 31-33. Ferris then requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 34. ALJ Daniel A. Traver conducted a hearing on September 19, 2016. Tr. 92-104. On January 31, 2017, the ALJ issued a decision upholding the Commissioner's calculation and declining to apply the uniformed services exception to the WEP. Tr. 12-14. In his decision,

the ALJ concluded that he could not grant Ferris the relief he sought because the ALJ was bound by AR 12-1(8), and Ferris did not qualify for an exception to the WEP under that ruling because he resided in Kentucky, outside the Eighth Circuit. Tr. 14.

Ferris requested the Appeals Council review the ALJ's decision. Tr. 7-8. On September 28, 2018, the Appeals Council denied Ferris' request to review the ALJ decision, making the ALJ decision the final decision of the Commissioner subject to judicial review under 42 U.S.C. § 405(g). Tr. 3.

On November 20, 2018, Ferris filed his Complaint and initiated the instant action for judicial review. (DN 1). The Commissioner subsequently filed its Fact and Law Summary, (DN 23), as well as a Motion to hold this case in abeyance and stay all proceedings pending the Sixth Circuit's decision in *David Babcock v. Commissioner of Social Security*, Case No. 19-1687. *See* (DN 24). In support of its Motion, the Commissioner explained that the issue in *Babcock*, whether Plaintiff-Appellant's service as a dual status military technician constitutes "service as a member of a uniformed service" for purposes of the Windfall Elimination Provision Exception in 42 U.S.C. §415, was akin to Ferris' claim to the extent that the forthcoming decision in *Babcock* could effectively decide the merits of this case. (*Id.*); *see also* ECF No. 8 ("Civil Appeal Statement of Parties and Issues"), *Babcock v. Commissioner of Social Security*, Case No. 19-1687 (6th Cir.). Because the Sixth Circuit's decision in *Babcock* had the potential to be completely dispositive of this action, the undersigned determined that judicial economy favored a limited delay in awaiting the *Babcock* decision. (DN 26). The Court stayed this matter pending a written opinion on the merits in *Babcock v. Commissioner of Social Security*, Case No. 19-1687.

On May 11, 2020, the Sixth Circuit issued an opinion in *Babcock*. *Babcock v. Soc. Sec. Comm'r*, 959 F.3d 210 (6th Cir. 2020). The Sixth Circuit affirmed the decision from the Western

District of Michigan, and held that retirement benefits associated with work as a dual status technician for the National Guard did not constitute "payment based wholly on service as a member of a uniformed service." *Id*. It held "that the uniformed services exception does not apply to Babcock's CSRS pension," and thus his CSRS pension payment was subject to the Windfall Elimination Provision. *Id*.

## II. APPLICABLE LAW AND REGULATIONS

### a. The Windfall Elimination Provision

The "Windfall Elimination Provision" ("WEP") reduces the benefits received by certain individuals who also receive pensions for work that did not require them to pay social security taxes. *See* 42 U.S.C. § 415(a)(7); *Petersen*, 633 F.3d at 634. "'The WEP was enacted in 1983 to eliminate the unintended benefits windfall that occurs when workers who split their career between covered employment (required to pay Social Security taxes) and non-covered employment (exempt from Social Security taxes).'" *Parker v. Colvin*, 640 Fed. App'x 726, 728 (10th Cir. 2016) (quoting *Petersen*, 633 F.3d at 634); *see also Holmes v. Commissioner*, No. 96-4088, 1997 WL 570398, at *2 (6th Cir. Sept. 11, 1997) ("[T]he WEP was enacted to eliminate a windfall to individuals, such as [plaintiff], who are eligible to receive pensions based on both covered and noncovered employment, and the provision has been upheld against challenges under the Fourth and Fifth Amendments because it is rationally related to the achievement of that legitimate goal.").

The WEP directed the Social Security Administration to apply a modified formula for determining an individual's Social Security retirement benefit, when the individual received a pension based upon non-covered employment. 42 U.S.C. § 415(a)(7)(A). The modified formula would operate to reduce the Social Security retirement benefit of a person who received a pension based upon non-covered employment. 42 U.S.C. § 415(a)(7)(B).

### b. The Uniformed Services Exception

There are several exceptions to the WEP. One such exception, the uniformed services exception set forth at 42 U.S.C. § 415(a)(7)(A)(III), is relevant here. The uniformed services exception states that pension payments derived from non-covered employment are not subject to the WEP if the payments are "based wholly on service as a member of a uniformed service (as defined in [42 U.S.C. § 410(m)])." 42 U.S.C. § 415(a)(7)(A)(III). Section 410(m) provides that a "[m]ember of a uniformed service" includes, among others, "any person appointed, enlisted, or inducted in a component of the . . . Army . . . (including a reserve component as defined in [38 U.S.C. § 101(27)])." And "reserve component" is defined to include the "Army National Guard of the United States." 38 U.S.C. § 101(27)(F).

### III. STANDARD OF REVIEW

The function of this court is to determine whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence exists "when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993). The Court reviews the Commissioner's legal conclusions *de novo. See Grand Trunk W. R.R. Co. v. United States Dep't of Labor*, 875 F.3d 821, 824 (6th Cir. 2017).

### IV. ANALYSIS

The single issue in this case is whether Ferris earned his dual status technician pension "based wholly on service as a member of a uniformed service." 42 U.S.C. § 415(a)(7)(A). Ferris contends the dual status technician position is "so irreducibly military in nature" that the uniformed

services exception applies to insulate his Social Security retirement benefits from the WEP reduction. (DN 20-1 at p. 6-15). By this, Ferris means that his civil service pension is based wholly on his service in the National Guard because, among other things, his civilian position was inseparable from his military duties. (*Id.*). The Commissioner claims that Ferris' work as a National Guard dual status technician was not subject to Social Security taxes, and the civil service annuity he receives for that work is not a "payment based wholly on service as a member of a uniformed service" under 42 U.S.C. § 415(a)(7)(A)(ii)(III). (DN 23). Therefore, the Commissioner maintains that the uniformed services exception to the WEP does not apply and its final decision upholding the reduction of Ferris' Social Security retirement benefit amount should be affirmed. (*Id.* at p. 11-21).

At the time Ferris filed his Complaint, two Courts of Appeals had addressed the question of whether the WEP applies to dual status technicians, and reached opposite conclusions. In *Peterson v. Astrue*, 633 F.3d 633 (8th Cir. 2011), the Eighth Circuit held that the uniformed services exception applied unambiguously to a civil service pension paid to a dual status technician. *Petersen*, 633 F.3d at 637. The Eighth Circuit reached this conclusion based upon its finding that Petersen's work as a dual status technician was essentially military in nature. *Id*. The court reasoned that because a dual status technician must maintain his or her membership in the National Guard and the military grade for his or her position and is required by statute to wear the grade-appropriate uniform while on duty, a dual status technician performs work "as a member of a uniformed service." *Id.*

After the Eighth Circuit issued its opinion in *Peterson*, the Social Security Administration ("SSA") issued Acquiescence Ruling ("AR") 12-1(8) to explain how it would apply the WEP and the uniformed services exception for claimants residing within the Eighth Circuit. *See* 77 Fed. Reg.

51,842 (Aug. 27, 2012). AR 12-1(8) further explains that for all applicants outside of the Eighth Circuit, the SSA will adhere to its policy that the WEP applies to persons who were employed in a noncovered civilian capacity as a National Guard dual status technician.

In *Martin v. Social Security Administration, Commissioner*, 903 F.3d 1154 (11th Cir. 2018), the Eleventh Circuit disagreed with *Peterson*. Focusing on the word "wholly" in the uniformed services exception, the Eleventh Circuit observed that dual status technicians perform much of their work as Federal civilian employees. *Id.* a 1165. The Court thus held that National Guard dual status technicians are not covered by the exception but rather are subject to the WEP reduction.

In *Babcock*, the Sixth Circuit agreed with the outcome reached by the Eleventh Circuit, but on different grounds. *See Babcock v. Soc. Sec. Comm'r*, 959 F.3d 210 (6th Cir. 2020). The Court explained that the uniformed services exception, "by its plain text," is "cabined to payments that are based exclusively on employment in the capacity or role of a uniformed-services member." *Id.* at 216. Because dual status technicians receive payments not "based exclusively on employment" performed in a military capacity, the Court held that the exception did not apply. *Id.* at 217. The Tenth Circuit agreed with the reasoning and outcome reached by the Sixth. *See Kientz v. Comm'r, SSA*, 954 F.3d 1277, 1285–86 (10th Cir. 2020).

The Sixth Circuit's decision in *Babcock* is binding on this Court. Ferris' work as a National Guard dual status technician was not subject to Social Security taxes, and the civil service annuity he receives for that work is not a "payment based wholly on service as a member of a uniformed service" under 42 U.S.C. § 415(a)(7)(A)(ii)(III). Therefore, Ferris' dual status technician employment is not wholly "service as a member of a uniformed service" under the uniformed services exception. *See* 42 U.S.C. § 415(a)(7)(A)(III); *see also Martin*, 903 F.3d at 1166 ("[E]ven

8

if dual status technician employment is *essentially* military, it is not subject to the uniformed services exception if it is not *wholly* military in nature.") (emphasis in original). Accordingly, the undersigned finds that the WEP applies to Ferris' monthly Social Security retirement benefit payment, and he is not subject to the uniformed services exception.

## V.  ORDER

For the above-stated reasons, and the Court being otherwise sufficiently advised, the Court finds the Commissioner's decision is supported by substantial evidence in the record and complies with the applicable regulations. **IT IS THEREFORE ORDERED** that the final decision of the Commissioner is **AFFIRMED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (DN 20) is **DENIED**.

This is a final and appealable Order and there is no just cause for delay.

Regina S. Edwards, Magistrate Judge
United States District Court

September 8, 2020

Copies:       Counsel of Record